IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| Optical Air Data Systems LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No.: 1:07cv592 |
| ) | |
| Cynthia L. Olson t/a, ) | |
| National Helicopter Transport ) | |
| ) | |
| ) | |
| Defendant. ) | |
| ) | |

FILED
JAN 2 4 2008
CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

Memorandum Opinion

## Procedural History

The foregoing matter comes before the Court on Plaintiff's Motion for Summary Judgment (Dkt. no. 25). Pursuant to 28 U.S.C. §636 (c), the parties have consented to a Magistrate Judge to conduct all proceedings and enter judgment in this case. The Court has jurisdiction in this case because the cause of action involves a federal question under 28 U.S.C. 1441 as a case involving interstate transportation services. The Plaintiff filed said motion on November 30, 2007 contemporaneous with a waiver of oral argument. After waiting the statutory period for a reply from Defendant, the Court issued its ruling on January 9, 2008 for the reasons stated forthwith.

## Factual Summary

The undisputed facts, as set forth in Plaintiffs Complaint and Motion for Summary Judgment are as follows. In March 2006, the Plaintiff, Optical Air Data Systems LLC (hereinafter Plaintiff), contracted with the Defendant Cynthia L. Olson, trading as National Helicopter Transport

(hereinafter Defendant), for the shipment of a helicopter from Virginia to Nevada. On or about April 13, 2006 said helicopter was loaded by Darin Gantrich and picked up and transported by Gus Rosales, who both were, at all times, employees of the Defendant. During transport, on April 13, 2006, the helicopter was damaged as the result of striking a highway overpass. As a result of the collision, the Plaintiff sustained damages in the amount of $239,238.50. The preceding facts are substantiated by the affidavit of Morgan Campbell and an itemized calculation of damages. (Dkt. no. 25)

**Discussion**

Summary judgment under Rule 56 is appropriate only when the court, viewing the record as a whole and in the light most favorable to the nonmoving party, determines that there exists no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. See, e.g., Celotex Corp. v. Catrett, 477 U.S. 317, 322-24 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-50 (1986); Terry's Floor Fashions v. Burlington Indus., 763 F.2d 604, 610 (4th Cir. 1985). The moving party bears the initial burden of establishing entitlement to summary judgment. Once the moving party has met the initial burden by properly filing evidence supporting its motion for summary judgment, the nonmoving party may not rest upon mere allegations in the pleadings, but must instead set forth specific facts illustrating genuine issues for trial. Such facts must be presented in the form of affidavits or other verified evidence. Celotex at 322-24.

"[T]he court is obliged to credit the factual asseverations contained in the material before it which favor the party resisting summary judgment and to draw inferences favorable to that party if the inferences are reasonable." Cole v. Cole, 633 F.2d 1083, 1092 (4th Cir. 1980). Affidavits or depositions filed in support of summary judgment motion are used to determine whether issues of fact exist and not to decide issues themselves; summary judgment may be granted only when non-

movant's evidence fails to put material fact in dispute or is not significantly probative. Gray v. Spillman, 925 F.2d 90 (4th Cir. 1991).

Here, the failure by Defendant to rebut Plaintiff's motion with evidence on his behalf will result in the entry of summary judgment on behalf of the Plaintiff. "[T]he plain language of Rule 56(c) mandates the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Id. at 322.

In the case at bar, on October 1, 2007 the Plaintiff propounded Requests for Admissions to Defendant. Defendant failed to respond to said requests. Accordingly, pursuant to Fed. R. Civ. P. 36 such admissions are deemed admitted and form the factual basis for the Plaintiff's Motion for Summary Judgment.[1] Said requests not only establish the facts at issue but also the damages to be sought. As the Defendant did fail to respond to both the Request for Admissions and the Motion for Summary Judgment, the Court is presented with no evidence to refute the properly substantiated allegations set forth by the Plaintiff.

IV. Conclusion

The Court, by Order dated January 9, 2008, grants Plaintiff's Motion for Summary Judgment as to all Counts and directs the Clerk to enter judgment in favor of Plaintiff pursuant to Fed. R. Civ. P. 58.

/s/
Barry R. Poretz
United States Magistrate Judge

Barry R. Poretz
United States Magistrate Judge

January 24, 2008
Alexandria, Virginia

---

[1] *See* Fireman's Insurance Company of Newark, New Jersey v. Herbert 2005 WL 3536091 whereby Judge Friedman found the basis of the Plaintiff's summary judgment motion to be based on the Pro Se Defendant's failure to answer Request for Admissions.